**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4109**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

CLIFTON BARNES,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00256-FDW-1)

Submitted:  November 30, 2012       Decided:  February 12, 2013

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifton Barnes appeals from the district court's judgment after re-sentencing upon remand from this court. This court reversed Barnes's felon in possession of a firearm conviction and vacated his sentence for possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(b)(1)(C) (2006). The court's decision was based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In accordance with Anders v. California, 386 U.S. 738 (1967), Barnes's attorney has filed a brief certifying that there are no meritorious issues, but questioning whether the 121-month sentence on remand was properly calculated. Barnes filed a pro se supplemental brief also challenging his sentence. We affirm.

First, we review Barnes's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We begin by reviewing the sentence for significant procedural error, including improper calculation of the Guidelines range, failure to consider sentencing factors under 18 U.S.C. § 3553(a) (2006), sentencing based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51. Only if we find a sentence procedurally reasonable can we consider substantive reasonableness. United States v. Carter, 564 F.3d

2

325, 328 (4th Cir. 2009).  Here, Barnes's within-Guidelines sentence is presumed reasonable, United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we find no procedural or substantive error in its imposition.

We have also considered Barnes's sentencing issues raised in his pro se supplemental brief.  He contends first that the district court judge constructively amended the indictment by finding a drug quantity at sentencing that would have placed him in the penalty provision of 21 U.S.C. § 841(b)(1)(B) (2006), had that quantity been charged in the indictment.  Barnes was convicted under § 841(b)(1)(C), with that section's minimum and maximum sentences applicable because the Government did not charge a quantity in the superseding indictment.  At the re-sentencing, the district court patiently answered Barnes's questions about sentencing under § 841(b)(1)(C) and explained that the statutory penalties are different from the Guidelines determination regarding drug amount.  Barnes was sentenced based on the drug quantity found at sentencing, and the sentence is below the statutory maximum sentence for a § 841(b)(1)(C) offense.  Therefore, there was no error.

Barnes also argues that, because the superseding indictment did not specify drug quantity, he should only be sentenced based on powder cocaine because he was not aware that the other substances were crack cocaine.  He states that

3

although he admitted to the crack cocaine offense, it was only because everyone involved in the case told him it was crack. We conclude that the district court did not err in calculating the drug types and quantity attributable to Barnes. The record supports the district court's determination.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Barnes's new sentence. This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4